THE STATE OF INDIANA on the relation of the Auditor of Morgan County v. WHITENER and Others.

BOND TO OBTAIN LICENSE FOR RETAILING.—The condition of the bond required by the fourth section of the temperance act of 1859 (1 G. & H. 614, *et seq.*) is twofold: *first,* that the principal obligor will keep an orderly and peaceable house ; *second,* that he will pay all fines and costs *that may*

be assessed against him; and it is no answer to a breach of its conditions that the defendant is liable to a criminal prosecution for the acts constituting such breach.

APPEAL from the *Morgan* Circuit Court.

GREGORY, J.—The complaint charges "that the defendants (naming them) on, etc., by their writing obligatory of, etc., a copy of which is filed, etc., bound themselves to the state of *Indiana*, in the penal sum of $500, upon this condition, that *Whitener* had applied for and procured, from the board of commissioners of said county, an order granting him license (under the provisions of an act to regulate the sale of spirituous liquors, approved *March* 5, 1859) to sell intoxicating liquors in less quantities than a quart at a time, in a certain house, to wit, etc., in the town of *Martinsville*, at said county; if the said *Whitener* should keep an orderly and peaceable house, and should pay all fines, etc., that might be assessed against him for any violation of the provisions of said act, then said obligation to be void, etc. The relator, etc., for assignment of breach of said obligation, says that on, etc., after the execution of said bond by defendant, he, in pursuance of the order of said board and said act aforesaid, as the auditor of said county, duly issued to said *Whitener* said license to retail intoxicating liquors in less quantities than a quart at a time, at the place aforesaid, for one year from the date thereof, a copy of which is filed; that said *Whitener* on the receipt of said license commenced the business of retailing liquors in the place aforesaid; that instead of keeping an orderly and peaceable house, as he was required by said obligation to do, he did, on, etc., and on each and every day from that date to the, etc., (the time covered by the condition of the bond,) procure divers rude, riotous, and disorderly persons to congregate in and about his house in which he retailed intoxicating liquors in pursuance of said license, and then and there permitted them to remain, drinking, carousing, swearing, quarreling, fighting, and making other loud and unusual noises, to the great disturbance of the peace, etc.

That said house, during all of said time between the dates last aforesaid, was kept in the most disorderly manner; wherefore plaintiff demands judgment for the sum of $500, and all other proper relief." A copy of the bond and condition accompanies the complaint, and forms a part of it.

Demurrer to the complaint sustained by the court below; plaintiff excepted; final judgment on demurrer; and judgment for costs against the plaintiff.

The question presented by this record is, did the Circuit Court err in sustaining the demurrer to this complaint?

The bond was executed under the temperance law of 1859. 1 G. & H. 614, *et seq.* The fourth section of the act provides that "the board of county commissioners at such term shall grant a license to such applicant, upon his showing, to the satisfaction of said board of commissioners, that he has given the notice as above required, and that he is a man of good character, and fit to be trusted with said license, and upon his giving bond payable to the State of *Indiana,* with at least two freehold sureties, resident within said county, to be approved by the county auditor, in the sum of $500, conditioned that he will keep an orderly and peaceable house, and that he will pay all fines and costs that may be assessed against him for any violation of the provisions of this act, which bond shall be filed with the county auditor of said county."

By this section it is plain that the condition of such bond is twofold: *first,* that the principal obligor will keep an orderly and peaceable house; *second,* that he will pay all fines and costs that may be assessed against him.

It is contended that the condition of this obligation only covers the latter; that an action will not lie until after conviction and judgment for a violation of some one or more of the penal prohibitions contained in the act. We do not think so. Such a construction of this section would abridge its obvious meaning. By no rule of statutory interpretation can such a conclusion be arrived at.

It is true that, by the 13th section of this act, it is

made a penal offense to keep a disorderly house wherein intoxicating liquors are sold, bartered, or given away, or suffered to be drunk; but we do not see how this could, in any way, affect the right to sue on the contract of the offender.

If the bond is valid as a contract, and we are of the opinion that it is, then it is no answer to a breach of its condition that the defendant is liable to a criminal prosecution for the acts constituting such breach.

There are several misdemeanors for which a civil action can be maintained.

It is urged against this complaint that the damages are claimed as liquidated. We do not so regard the averment in the complaint.

The plaintiff may on a trial recover a *less sum* than that claimed, but can not recover a *greater.*

The question as to the measure of damages is not before us, and we give no opinion on that subject; all we decide is that the plaintiff can, under the allegations of the complaint, if sustained by the evidence, recover.

Judgment reversed, with costs; cause remanded to said court, with directions to overrule the demurrer to said complaint, and for further proceedings.

*McDonald & Roache,* for appellant.

*W. R. Harrison* and *W. S. Shirley,* for appellee.