*F. W. Viehe,* for appellant.
*N. F. Malott* and *T. R. Cobb,* for appellee.

---

## McGrimes and Others v. The State.

LIQUOR LAW.—*Disorderly House.*—An action can be maintained by the State on a bond executed under the requirements of the act to regulate the sale of spirituous liquors, approved March 5th, 1859, for the breach of keeping a disorderly house.

PRACTICE.—*Motion for New Trial.—Damages.*—A motion for a new trial assigned for cause, " error in finding any sum against the defendants and giving judgment for the plaintiff, when the judgment should have been given against the State, and in favor of the defendants, because, at most, only nominal damages could be recovered on the evidence against the defendants."

*Held,* that the question of the assessment of too large an amount of recovery was not presented.

APPEAL from the Shelby Common Pleas.

GREGORY, J.—Suit by the State against the appellants for an alleged breach of the condition of a bond executed by

McGrimes and Others *v.* The State.

Daniel McGrimes and his sureties, under the requirements of the act to regulate the sale of spirituous liquors, approved March 5th, 1859. The breach assigned was the keeping a disorderly house. The defendants answered by the general denial. Trial by the court. Finding for the State, assessing the damages at forty dollars. Motion by the defendants for a new trial, for the following causes: first, error in overruling a demurrer to the complaint; second, " error in finding any sum against the defendants, and giving judgment for the plaintiff, when judgment should have been given against the State, and in favor of the defendants, because, at most, only nominal damages could be recovered on the evidence against the defendants."

We have held that this action can be maintained for the breach complained of. *The State* v. *Whitener*, 23 Ind. 124.

The only open question is that as to the measure of damages. The fifth cause for a new trial in the code is, " Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, or for the injury or detention of property." 2 G. & H. 212, sec. 352. cl. 5. The cause assigned for a new trial is not that the assessment was too large, but that the court erred in assessing any amount. The reason given, that, "at most, only nominal damages could be recovered," is not, it is true, very cogent, but it is nevertheless given as a reason why the court erred in assessing any amount, and not as a cause for a new trial. The question argued by counsel is not before the court.

The judgment is affirmed, with costs.

*M. M. Ray, J. W. Gordon,* and *W. March,* for appellants.

*D. E. Williamson,* Attorney General, for the State.